THE STATE OF OHIO, APPELLANT, *v.* FERMAN, APPELLEE.

(No. 78-736—Decided May 18, 1979.)

218

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, Mr. *William E. Breyer* and Mr. *Claude N. Crowe,* for appellant.

Messrs. *Gould, Reichert & Strauss,* Mr. *Thomas M. Gould, Rubenstein & Rubenstein Co., L. P. A.,* and Mr. *Jack C. Rubenstein,* for appellee.

*Per Curiam.* We must reverse the Court of Appeals. At the time this matter was before it, the Court of Appeals did have the discretion, based upon the facts presented in a given cause, to grant or to deny the motion by the state for leave to appeal the trial court's order granting the motion to suppress. *State* v. *Hughes* and *State* v. *Wallace, supra.* However, such discretion would have had to be exercised in accordance with other pertinent principles of law then in effect.

The pertinent law relating to the authority of a police officer to search a person under custodial arrest had been determined in prior cases both by the United States Supreme Court and this court. In *United States* v. *Robinson* (1973), 414 U. S. 218, and *Gustafson* v. *Florida* (1973), 414 U. S. 260, each of the defendants had been stopped for traffic violations and had been placed under custodial arrest. In both instances the defendant had been searched at the scene, and drug-related contraband was recovered by the arresting officer. In both cases the United States Supreme Court upheld the search as being a "reasonable" search under the Fourth Amendment.

*Robinson* held that a search incident to a valid arrest is not limited to a frisk of the suspect's outer clothing and removal of such weapons as the arresting officer may, as a result of such frisk, reasonably believe and ascertain

that the suspect has in his possession, and the absence of probable fruits or further evidence of particular crime for which the arrest is made does not narrow the standards applicable to such a search. (*Terry* v. *Ohio* [1968], 392 U. S. 1, distinguished.)

The *Gustafson* court, citing *Robinson*, held that the full search of the person of the suspect made incident to a lawful custodial arrest did not violate the Fourth and Fourteenth Amendments, and held further that it is of no constitutional significance that, contrary to the situation in *Robinson*, police regulations did not require that petitioner be taken into custody or establish the conditions under which a full-scale body search should be conducted, nor, as in *Robinson*, is it relevant that the arresting officer had no subjective fear of petitioner or suspicion that he was armed, since it is the fact of custodial arrest that gives rise to the authority to search.

These two cases determined by the United States Supreme Court make it clear that where a person is placed under custodial arrest for a traffic violation, that person may be subjected to a full search for weapons *and* contraband. This court has reached the same conclusion. In *State* v. *Mathews* (1976), 46 Ohio St. 2d 72, 74, this court stated as follows:

"More recently, in *United States* v. *Robinson* (1973). 414 U. S. 218, the court expanded the limitations set forth in *Chimel* [v. *California* (1969), 395 U. S. 752]. The majority held that a full search of the person incident to a lawful custodial arrest is not only an exception to the warrant requirement of the Fourth Amendment but is also a 'reasonable' search under that amendment."

Therefore, under the appropriate state of facts in accordance with the above-quoted federal and state cases, a person who is placed under custodial arrest may be searched at the scene for weapons as well as contraband.

In this case, the trial court found that the officer involved had made a valid custodial arrest of appellee, but then proceeded to pronounce the improper conclusion of law

to the effect that such arresting officer "has a right to make a search of a person placed under a custodial arrest at the scene for a limited purpose to find something which might be used as a dangerous weapon as against the police officer."

This conclusion of law which formed the basis upon which the trial court granted the motion to suppress, unduly limited the breadth of search as authorized under *Robinson, Gustafson* and *State* v. *Matthews, supra.*

Since *State* v. *Hughes* and *State* v. *Wallace, supra,* the General Assembly has by way of R. C. 2945.67, effective November 1, 1978, granted the state the right of appeal in matters involving the suppression of evidence, and the current issue will not be before us again. However, even prior to the act granting the state the right to appeal, it would have been necessary for the Courts of Appeals to apply the correct legal principles in determining the state's motion for leave to appeal.

Here, the appropriate law was not considered by the Court of Appeals, or at least no specific law was referred to by that court in its entry overruling the state's motion.

Therefore, based upon the foregoing, the judgment of the Court of Appeals is hereby reversed, and this matter is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.