The STATE of Ohio, Appellant,

v.

KNIGHT, Appellee.

[Cite as *State v. Knight* (1998), 131 Ohio App.3d 349.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970563.

Decided June 5, 1998.

350

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellant.

*Merlyn Shiverdecker*, for appellee.

MARIANNA BROWN BETTMAN, Judge.

This is an interlocutory appeal bought by the prosecution challenging the decision by the trial court to exclude certain evidence in the trial of defendant-appellee Patrick Knight.[1] We agree with the prosecution, reverse the trial court's judgment, and remand this matter for further proceedings consistent with this opinion.

## CHARGES AGAINST KNIGHT

Knight was indicted by the Hamilton County grand jury on six counts of bribery, in violation of R.C. 2921.02(B), and four counts of sexual battery, in violation of R.C. 2907.03(A)(1). Four different victims were involved in these ten counts.[2] Knight was a Cincinnati police officer at the time these offenses were allegedly committed.

The trial court first determined that there would be four separate trials, with each trial limited to the allegations of a single victim. No challenge is raised as to this part of the court's ruling. The court then directed the state to determine which of the four separate trials it wished to hold first. The state elected to proceed on the three counts of sexual battery and the three counts of bribery involving victim Nikia Mapp. At the same time, the state filed notice of its intent to introduce evidence of the acts involving the other three victims in the trial of the counts involving Mapp. The defense filed a pretrial motion asking the court to exclude all evidence of the acts involving the other three victims. The trial court granted this defense motion. The state then brought this appeal.

## CRIM.R. 12(J) APPEAL

Under Crim.R. 12(J), the state is permitted to bring an appeal when the granting of a motion to suppress evidence has rendered the state's proof with respect to the pending charge so weak that it effectively destroys the state's case. This is such an appeal.[3] Additionally, in its decision granting the defense motion,

---

1. We have *sua sponte* removed this case from the accelerated calendar.

2. Count one was a single count of bribery involving victim one. Counts two and three were counts of bribery and sexual battery involving victim two. Count four was a single count of bribery against victim three. Counts five through ten involved three counts of bribery and three counts of sexual battery against victim Nikia Mapp.

3. *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, syllabus; *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 573 N.E.2d 22.

the trial court indicated it would welcome an interlocutory ruling from this court on this issue.

## DISPOSITION OF STATE'S ASSIGNMENT OF ERROR

### Other Acts

In its sole assignment of error, the state argues that the trial court erred to the prejudice of the prosecution when it excluded the use of the acts involving the three other victims in this case against Knight.

■ The danger with allowing other-acts evidence is that a jury will find the defendant guilty because he is a bad person. There is substantial danger that the use of other-acts evidence will cause the jury to make the impermissible inference that if the defendant committed other bad acts, he must be guilty of the crime with which he is charged. Still, there is also a proper place for other-acts evidence. Evidence of other acts is admissible if there is substantial proof that the other acts were committed by the defendant, and those acts tend to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[4] Evid.R. 404(B); R.C. 2945.59. Yet, even this exception has an exception. Relevant evidence may still be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A).

First, we analyze the issue in terms of Evid.R. 404(B),[5] R.C. 2945.59, and the case law. We quote extensively from the Ohio Supreme Court's decision in *State v. Lowe.*[6]

"Other acts may also prove identity by establishing a modus operandi applicable to the crime with which a defendant is charged. 'Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity under Evid.R. 404(B).' *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, syllabus. ' "Other acts" may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct,

---

4. *State v. Lowe* (1994), 69 Ohio St.3d 527, 634 N.E.2d 616, citing with approval *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682.

5. The Ohio Supreme Court has suggested that the underlying policies of Evid.R. 404(B) and R.C. 2945.59 are essentially the same, and that the provisions should be read in conjunction with each other. *State v. Broom* (1988), 40 Ohio St.3d 277, 281, 533 N.E.2d 682, 689; *State v. Love* (June 4, 1997), Hamilton App. No. C–960498, unreported, 1997 WL 292349.

6. *Lowe,* 69 Ohio St.3d at 531, 634 N.E.2d at 619–620.

identifiable scheme, plan, or system was used in the commission of the charged offense.' *State v. Smith* (1990), 49 Ohio St.3d 137, 141, 551 N.E.2d 190, 194. While we held in *Jamison* that 'the other acts need not be the same as or similar to the crime charged,' *Jamison,* syllabus, the acts should show a *modus operandi* identifiable with the defendant. *State v. Hutton* (1990), 53 Ohio St.3d 36, 40, 559 N.E.2d 432, 438.

"A certain modus operandi is admissible not because it labels a defendant as a criminal, but because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator."

Following this line of reasoning, in the recent case of *State v. Love,*[7] this court allowed evidence of the sexual molestation of two other young women in Love's rape trial involving a third victim. In each incident, the defendant chose a single mother with a prepubescent daughter, the abuse began shortly after the defendant became involved with the mother, and the manner of the abuse was the same, thus establishing the kind of behavioral fingerprint articulated by the Ohio Supreme Court in *Lowe.*

Knight's case, the one presently before us, provides a textbook behavioral fingerprint. Each of the acts provides evidence of the abuse of a position of public trust in exchange for actual or expected sexual favors. In each, there is evidence that Knight, while in his official capacity as a police officer, stopped women on minor or nonexistent offenses and then used either the offenses or outstanding warrants as the club that he offered not to wield in exchange for sexual favors.

The defense misses the point entirely when it tries to point out dissimilarities in details of the other acts. At best, such differences go to the weight of the evidence, not to its admissibility. *State v. Jamison.*[8] The "other acts" in this case form a unique, identifiable modus operandi which is more of a behavioral fingerprint than the plan used in the series of robberies in *Jamison* or in the abductions in *Broom.* This is the fingerprint of a law enforcement officer who abused a position of public trust with a plan to ignore charges in exchange for sexual favors. Thus, we first hold that the evidence involving the other three victims is admissible under Evid.R. 404(B) in the state's present case against Knight.

---

7. (June 4, 1997), Hamilton App. No. C–960498, unreported, 1997 WL 292349.

8. (1990), 49 Ohio St.3d 182, 187, 552 N.E.2d 180, 185.

## Potential Prejudice

■ Having found that the other acts evidence is admissible, we proceed to determine whether the evidence should nonetheless be excluded because its probative value is outweighed by the danger of unfair prejudice.

It is clear from the trial court's decision that its exclusion of the evidence was influenced by two factors: the intense media interest in this case and the fact that the defendant was a public, rather than a private, citizen. These factors are inappropriate and incorrect reasons for excluding evidence.

■ We fail to fathom how media interest provides a legal basis for excluding evidence as prejudicial. The courts in this state are open, and there is a strong public policy favoring openness that assuredly includes the right to report on cases of public interest. As eloquently stated by the Ohio Supreme Court in *State ex rel. Dayton Newspapers, Inc. v. Phillips*[9]: "There is no other way the busy ordinary citizen can evaluate how the judicial system is administering justice except through the media he reads, hears, or watches. A free press is the only guarantee a citizen has of his right to know what is going on in his government." See, also, Section 16, Article I, Ohio Constitution. Thus, we hold that consideration by the trial court of media interest as a basis to exclude the evidence was legally wrong.

In deciding to exclude the acts involving the other three victims in this trial, the court was also swayed by the fact that a position of public trust, by its very nature, enhances the risk of accusation, and that, by implication, false accusations are more devastating to a public person than to a private one. While we, as judges and public officials ourselves, certainly understand and appreciate this sentiment, we know that taking on a position of public trust enhances this burden and is a risk that public officials must expect to assume. See, *e.g., Conese v. Nichols*.[10] The public nature and the power of Knight's position require the exact opposite conclusion from that reached by the trial court.

Six of the ten counts against Knight involve allegations of bribery in violation of R.C. 2921.02(B). The crimes in R.C. Chapter 2921 are offenses against justice and public administration. The Committee Comment to this chapter states:

"Chapter 2921 deals with acts tending to subvert the process of democratic government, including bribery, perjury, and related offenses, crimes which hamper law enforcement and the administration of justice, and peculation, conflict of interests, dereliction of duty, and other offenses of public officials."[11]

---

9. (1976), 46 Ohio St.2d 457, 467, 75 O.O.2d 511, 516, 351 N.E.2d 127, 134.

10. (1998), 131 Ohio App.3d 308, 722 N.E.2d 541.

11. A law enforcement officer is, by definition, a public official. R.C. 2921.01(A).

The legislature enacted R.C. Chapter 2921 separately because malfeasance by public officials deserves special attention. In addition to the actual offense, it involves a breach of the public trust. The offenses codified there involve a nexus between the auspices of one's office and the wrongdoing. See *State v. Sakr.*[12]

When a police officer is shot in the line of duty, we all mourn, individually and as a society. But when a police officer is accused of bribery and sexual battery, it saddens us all in a different way. In the first instance, we have failed the officer. In the second, the officer has failed us.

While a police officer's position may lead to false accusations, so too can a police officer's word overshadow truthful accusations of a private citizen, especially one who is the least among us.

Accordingly, we hold that the trial court's decision to exclude the other-acts evidence because of the potential prejudice to the defendant was both erroneous and an abuse of discretion. *State v. Ferman.*[13]

## DISPOSITION OF APPEAL

The state's sole assignment of error is sustained. The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., and DOAN, J., concur.

---

12. (1995), 101 Ohio App.3d 334, 655 N.E.2d 760.

13. (1979), 58 Ohio St.2d 216, 12 O.O.3d 206, 389 N.E.2d 843.