OPINION
Defendant, Donald Hicks, appeals from his conviction and sentence for receiving stolen property, R.C. 2913.51, which were entered on his plea of no contest after the trial court had denied Hicks' motion to suppress evidence.
The evidence that Hicks' sought to suppress was a blank check on the account of LeRoy Kelley that had previously been stolen. The check was seized by police in a search of Hicks' person incident to his arrest for unauthorized use of a license plate, R.C. 4949.08, a fourth degree misdemeanor. That offense was discovered after police stopped Hicks' vehicle for a taillight violation, R.C. 4513.05. Hicks was charged with that offense. He was also charged with a display of plates violation, R.C. 4503.21. Both are minor misdemeanors, for which a citation must be issued in lieu of arrest R.C. 2935.26.
Seizing on the fact that he was not charged with the unauthorized use of a license plate offense for which he was arrested, Hicks argued that the search which yielded the stolen check was prohibited by theFourth Amendment, requiring suppression of that evidence as proof of the receiving stolen property offense.
The trial court overruled Hicks' motion. It rejected his argument that he'd been arrested improperly instead of cited on two minor misdemeanors. The court found that Hicks was arrested for unauthorized use of license plate, a fourth degree misdemeanor authorizing his arrest. Hicks was not charged with that offense, however, because the search incident to his arrest yielded proof of receiving stolen property, which is a first degree misdemeanor, the offense with which Hicks was charged., Defendant has timely appealed to this court from his conviction and sentence. We stayed execution of Defendant's sentence pending this appeal.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF A TRAFFIC STOP, AS SUCH JUDGMENT IS NOT SUPPORTED BY COMPETENT CREDIBLE EVIDENCE AND IS AGAINST THE WEIGHT OF THE EVIDENCE."
In ruling on a motion to suppress evidence, the trial court assumes the role of the trier of facts. In reviewing the trial court's decision, the court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Accepting those facts as true, the court of appeals must independently determine, as a matter of law and without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard.State v. Satterwhite (1997), 123 Ohio App.3d 322.
A full search of an arrestee's person incident to his lawful custodial arrest for a traffic offense does not violate the Fourth Amendment.State v. Ferman (1979), 58 Ohio St.2d 216. However, R.C. 2935.26 whichgoverns when a police officer may arrest for a minor misdemeanor,provides:
 "(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:
 "(1) The offender requires medical care or is unable to provide for his own safety.
 "(2) The offender cannot or will not offer satisfactory evidence of his identity.
 "(3) The offender refuses to sign the citation.
 "(4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:
 "(a) Appear at the time and place stated in the citation;
 "(b) Comply with division (C) of this section."
 Absent one or more of the exceptions in R.C. 2935.26(A), a custodialarrest for a minor misdemeanor violates the Fourth Amendment to theUnited States Constitution and Section 14, Article I of the OhioConstitution, and evidence obtained incident to such an arrest is subjectto suppression in accordance with the exclusionary rule. State v. Jones(2000), 88 Ohio St.3d 430., Defendant argues that the evidence presentedat the suppression hearing does not support the trial court's findingthat Defendant was arrested for a fourth degree misdemeanor, and not fortwo minor misdemeanors. We disagree.
 The testimony of Officers Stayer and Gudgell clearly demonstrates thatthey made a traffic stop of Defendant's vehicle because they observed twominor misdemeanor traffic offenses: no taillights/brakelights, R.C.4513.05, and a display of license plates violation, R.C. 4503.21. Thiswarrantless stop of Defendant's vehicle was reasonable forFourth Amendment purposes. Dayton v. Erickson (1996), 76 Ohio St.3d 3,1996-Ohio-431., Defendant was issued traffic citations for those minormisdemeanor offenses. He was not arrested on them. Officers Stayer andGudgell, and Det. Chalecki, all testified that Defendant was insteadarrested for unauthorized use of a license plate in violation of R.C.4549.08, after police discovered that the validation sticker onDefendant's plate belonged to another vehicle.
 A violation of R.C. 4549.08 is a misdemeanor of the fourth degree, nota minor misdemeanor. Therefore, the citation in lieu of arrestrequirements of R.C. 2935.26 do not apply. Defendant was notsubsequently charged with that offense because, after the stolen checkwas found on his person in a search incident to his arrest on the licenseplate violation, officers decided to charge Defendant with the moreserious offense of receiving stolen property in violation of R.C. 2913.51,a first degree misdemeanor. Defendant was convicted of that charge uponhis plea.
 There is competent, credible evidence in this record that supports thetrial court's finding that Defendant was arrested for a fourth degreemisdemeanor, not for two minor misdemeanors. Accordingly, Defendant'sarrest was lawful, and the subsequent search of his person incident tothat lawful custodial arrest, which produced the contraband that is thesubject of these charges, was reasonable and proper. Ferman, supra. The trial court properly overruled Defendant's motion to suppress that evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.