DECISION AND JUDGMENT ENTRY
{¶ 1} Keith A. Scasny appeals the trial court's denial of his motion to suppress evidence. Scasny argues that the court should have suppressed the LSD discovered in his wallet during a traffic stop. We agree that the trial court erred in relying on Terry v.Ohio (1968), 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889, and concluding that the discovery of a straw containing drug residue on the passenger seat where Scasny sat constituted reasonable suspicion to justify a search of Scasny's person. AlthoughTerry allows an officer to stop a suspect if he has reasonable, articulable suspicion that a crime has been committed and to frisk the suspect for weapons if the officer has a reasonable belief that the suspect is armed and dangerous, it does not allow an officer to search the suspect for contraband We nonetheless conclude that the court's denial of Scasny's suppression motion was correct.
 {¶ 2} The officer testified that he arrested Scasny for public intoxication and searched his wallet incident to that arrest. Although public intoxication is a minor misdemeanor and not usually an arrestable offense, an officer can arrest an individual for public intoxication if the individual is unable to provide for his own safety. Because the vehicle Scasny was riding in was being towed and no one was available to care for him, Scasny was not able to provide for his own safety. Moreover, because Officer Gay had probable cause to arrest Scasny before he conducted the search and discovered the LSD in Scasny's wallet, the fact that Scasny's formal arrest occurred after the search does not require reversal. We affirm the trial court's denial of the motion to suppress.
 {¶ 3} Sergeant Larry Banfield of the Chillicothe Police Department observed a car traveling the wrong way on a one-way street and stopped the vehicle. Sergeant Banfield arrested the driver for driving with a suspended license, possession of marijuana and possession of drug paraphernalia, and requested back up officers to report to the scene. Officers Gay and Goble arrived to assist Sergeant Banfield; Scasny was a passenger in the stopped vehicle.
 {¶ 4} While conducting an inventory search of the vehicle, which was to be towed due to the driver's arrest, Officer Goble found a small piece of plastic straw containing white powder residue on the front passenger seat where Scasny had been sitting. Officer Goble informed Officer Gay of her find, and Officer Gay advised Scasny of his Miranda rights then searched him for contraband Officer Gay found a substance which appeared to be LSD in Scasny's wallet, placed Scasny under arrest for disorderly intoxication, seated him in the back of the police cruiser, and field tested the substance. After the substance tested positive for LSD, Officer Gay arrested Scasny for possession of LSD.
 {¶ 5} A grand jury indicted Scasny on one count of possession of LSD, a fifth degree felony. Scasny filed a motion to suppress evidence, alleging that the warrantless search of his person violated his constitutional rights. The Ross County Court of Common Pleas held a hearing on the matter and issued a judgment entry overruling Scasny's suppression motion.
 {¶ 6} Relying on Terry v. Ohio (1968), 392 U.S. 1, 9,88 S.Ct. 1868, 20 L.Ed.2d 889, the court concluded that Officer Gay had a reasonable articulable suspicion to search Scasny's person because drug paraphernalia was found in the car in close proximity to where Scasny had been sitting. Since drugs could have been concealed in Scasny's large black wallet, the court concluded that Officer Gay's search of the wallet was permissible and that the seizure of any evidence was proper.
 {¶ 7} Scasny entered a plea of no contest to the charge of possession of LSD and filed a timely appeal, assigning the following error: "The trial court erred in overruling Defendant's Motion to Suppress."
 {¶ 8} In a motion to suppress, the trial court assumes the role of trier of fact and, accordingly, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972, citing State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583; see, also, State v. Williams (1993),86 Ohio App.3d 37, 41, 619 N.E.2d 1141. Thus, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. United States (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911; State v. Klein
(1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141; Williams;Guysinger.
 {¶ 9} The Fourth Amendment to the United States Constitution protects individuals against unreasonable governmental searches and seizures. See, e.g., United States v. Arvizu (2002),534 U.S. 266, 122 S.Ct. 744, 750, 151 L.Ed.2d 740; Terry, supra. "Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v.United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. Once the defendant demonstrates that he was subjected to a warrantless search or seizure, the burden shifts to the State to establish that the warrantless search or seizure was constitutionally permissible. See Maumee v. Weisner,87 Ohio St.3d 295, 297, 1999-Ohio-68, 720 N.E.2d 507; Xenia v. Wallace
(1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus. The State does not dispute that the search of Scasny was warrantless.
 {¶ 10} One exception to the general prohibition against a warrantless search is a Terry pat-down search for weapons. Under the rule set forth in Terry, a law enforcement officer may stop an individual and may conduct a limited search for weapons if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Terry, 392 U.S. at 21; State v.Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271; State v.Venham (1994), 96 Ohio App.3d 649, 654, 645 N.E.2d 831. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime. Whren v. United States
(1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; Terry,
supra.
 {¶ 11} Once an officer has lawfully detained an individual pursuant to Terry, the officer "may search only for weapons when conducting a pat down of the suspect." State v. Evans,67 Ohio St.3d 405, 414, 1993-Ohio-186, 618 N.E.2d 162. The scope of a Terry search is: "a narrowly drawn authority to permit a reasonable search for weapons for the protection of a police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." Terry,392 U.S. at 27.
 {¶ 12} The purpose of a Terry "`search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence.'" Evans,67 Ohio St.3d at 408, 618 N.E.2d 162, quoting Adams v. Williams (1972),407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612. A Terry
pat-down search is limited in scope to discovering weapons that might be used to harm the officer "and cannot be employed by the searching officer to search for evidence of a crime." Evans,67 Ohio St.3d at 414, 618 N.E.2d 162. Thus, a Terry search must "be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Terry, 392 U.S. at 29.
 {¶ 13} Although Terry limits the scope of the search to weapons, the discovery of other contraband during a Terry
search will not necessarily preclude its admissibility. InMinnesota v. Dickerson (1993), 508 U.S. 366, 113 S.Ct. 2130,124 L.Ed.2d 334, the United States Supreme Court adopted the "plain feel" doctrine as an extension of the "plain view" doctrine. The Supreme Court stated: "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context." Id. at 375-376.
 {¶ 14} We do not dispute the trial court's finding that Officer Gay had a reasonable suspicion that Scasny had engaged in criminal behavior based on Officer Goble's discovery of the straw containing apparent drug residue in the seat where Scasny had been sitting. Therefore, Officer Gay was justified in "stopping" Scasny. However, Officer Gay never testified that he had reason to believe that Scasny was armed and dangerous or that he was concerned for his safety; therefore, there is no evidence to justify a frisk.
 {¶ 15} Moreover, even if a Terry frisk was appropriate, there is no evidence that Officer Gay felt any contraband in Scasny's wallet to justify its opening. While Officer Gay testified that he opened Scasny's wallet to ensure there were no weapons or razor blades inside, he did not testify that he felt any objects that felt like weapons in the wallet during the initial frisk. The mere possibility that a razor blade could have been in the wallet is an insufficient basis to search. See Statev. Evans, 67 Ohio St.3d 405, 416, 1993-Ohio-186, 618 N.E.2d 162
(noting that a razor blade could be concealed virtually anywhere and allowing officers to search wherever one could be hidden would be tantamount to allowing the more intrusive search incident to arrest to be made without reasonable grounds to arrest). The officers' reasonable suspicion that Scasny had committed a crime did not justify a complete search underTerry.
 {¶ 16} However, the Supreme Court of Ohio has consistently held that a reviewing court is not authorized to reverse a correct judgment simply because the trial court stated an erroneous basis for that judgment. Myers v. Garson,66 Ohio St.3d 610, 614, 1993-Ohio-9, 614 N.E.2d 742; Joyce v. GeneralMotors Corp. (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172.
 {¶ 17} The State argues that Officer Gay arrested Scasny for disorderly intoxication and that he conducted the search of Scasny's wallet incident to that arrest. Scasny contends that because the crime of disorderly intoxication is a minor misdemeanor, it is not an arrestable offense and Officer Gay could not lawfully search his wallet. He also argues that even if he could have been arrested for disorderly intoxication, the arrest must have occurred before the search; since Officer Gay arrested him for disorderly intoxication after finding the LSD, the search was still unlawful.
 {¶ 18} The parties agree that disorderly intoxication is a minor misdemeanor. R.C. 2935.26 prohibits a police officer from arresting a person for a minor misdemeanor offense unless a statutory exception applies. The State argues that R.C.2935.26(A)(1), which permits an officer to arrest an offender for a minor misdemeanor if he "requires medical care or is unable to provide for his own safety," applies here.
 {¶ 19} In its judgment entry, the court cited Officer Gay's testimony that Scasny was unsteady on his feet and had a strong odor of alcohol on his breath. Based on these observations, Officer Gay concluded that Scasny was intoxicated. Officer Gay testified that his normal procedure is to arrest an intoxicated individual if there is no one available to care for him. Since the driver and other passenger of the vehicle were arrested, Scasny had no one to ensure his safety and Officer Gay did not want to leave Scasny alone on the side of the road in his intoxicated condition. Since there is competent, credible evidence that Scasny could not provide for his own safety, we conclude that Officer Gay was authorized to arrest him under R.C. 2953.26(A)(1). See State v. Barnes, Athens App. No. 02CA28, 2003-Ohio-984 (holding that arrest of intoxicated individual for minor misdemeanor was justified under R.C. 2935.26(A)(1)).
 {¶ 20} The right of a police officer to search a suspect incident to a lawful arrest has been a long recognized exception to the warrant requirement of the Fourth Amendment. See Chimelv. California (1969), 395 U.S. 752,89 S.Ct. 2034,23 L.Ed.2d 685. The formal arrest need not actually precede the search as long as the evidence uncovered during the search is not used to support probable cause for the arrest. See Rawlings v. Kentucky
(1980), 448 U.S. 98, 111,100 S.Ct. 2556, 2564-2565,65 L.Ed.2d 633, 646; see, also, State v. Allen, Wayne App. No. 02CA0059, 2003-Ohio-2847, citing State v. Bing (1999),134 Ohio App.3d 444,445-448, 731 N.E.2d 266. During a search incident to arrest, the police may conduct a full search of the arrestee's person, and such search is not limited to the discovery of weapons but may include evidence of a crime as well. Gustafson v. Florida
(1973), 414 U.S. 260,94 S.Ct. 488, 38 L.Ed.2d 456; UnitedStates v. Robinson (1973), 414 U.S. 218,94 S.Ct. 467,38 L.Ed.2d 427;State v. Ferman (1979), 58 Ohio St.2d 216,389 N.E.2d 843.
 {¶ 21} Although Officer Gay testified that he read Scasny hisMiranda[1] rights before searching him, he acknowledged that he did not actually arrest Scasny until after the search. However, Scasny's arrest did not need to precede the search because Officer Gay had probable cause to arrest Scasny for public intoxication before discovering the LSD. See Rawlings,
supra, at 111. In other words, the evidence that Gay seized from the wallet did not form the basis for Scasny's initial arrest. The officer already had probable cause to arrest him for disorderly intoxication. Moreover, because Officer Gay was not limited to searching for weapons, he permissibly opened Scasny's wallet and discovered the LSD.
 {¶ 22} We conclude that Officer Gay's search of Scasny's wallet was a permissible search incident to an arrest. Therefore, the trial court did not err in denying Scasny's motion to suppress evidence. Scasny's sole assignment of error is overruled.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694.