OPINION
{¶ 1} Defendant-appellant, Douglas E. Rippey ("appellant"), appeals from the judgment of conviction entered by the Franklin County Court of Common Pleas for one count of possession of crack cocaine, a fifth-degree felony, in violation of R.C. 2925.11.
 {¶ 2} The following description of events was adduced at trial. Shortly after 2 a.m. on April 8, 2006, Franklin County Sheriff's Deputy Scott Randle pulled over a car for speeding and a headlight violation. The driver, identified as appellant, failed to produce a driver's license when asked. Deputy Randle then asked for appellant's social security number. The number given by appellant came back as "not in file," so Deputy Randle *Page 2 
asked appellant if he gave the correct social security number. Appellant stated that he did not and that he gave his son's social security number rather than his own. The second social security number given by appellant was correct and showed appellant did not have a valid Ohio driver's license.
 {¶ 3} Appellant was asked to step out of the vehicle and was patted down before being placed in the cruiser. Feeling an object in appellant's back pocket, Deputy Randle asked what it was. Appellant replied it was a rolled-up tissue. Deputy Michael Gross, who appeared at the scene as backup, opened the tissue, and appellant said it was crack cocaine that he was holding for someone. According to the deputies, appellant also told them a crack pipe, which was subsequently recovered, was in the car. A field test, known as the "NIK" test showed that the substance tested positive for cocaine.
 {¶ 4} Appellant testified that though his driver's license was suspended at the time, he went to a bar to pick up his cousin, John Briggs ("Briggs"), who had called appellant for a ride. Briggs and a female unknown to appellant got into appellant's car. Briggs asked the female for a cigarette and as she looked through her belongings, some objects fell onto the floor. Appellant dropped the two persons off and proceeded home. According to appellant, he noticed a tissue on the passenger-side floor, and as he picked it up, he heard a "glass item" drop, but he did not know what it was. At this time, appellant saw lights behind him, and while he would have thrown the tissue out the window, he instead placed it in his back pocket because he was being pulled over.
 {¶ 5} Appellant testified he mistakenly gave his son's social security number because they were "close" and "were similar to [him] that night." (Tr. at 52.) Appellant denied knowing crack cocaine was in the tissue and denied telling the deputies the object *Page 3 
in the tissue was crack. Appellant also did not remember telling the deputies a crack pipe was in the car.
 {¶ 6} Appellant was indicted on December 20, 2006, for one count of possession of crack cocaine, a fifth-degree felony, in violation of R.C. 2925.11. A written jury waiver was filed, and the matter proceeded to a bench trial commencing December 21, 2007. The trial court found appellant guilty and sentenced him to three years of community control. This appeal followed, and appellant brings the following three assignments of error for our review:
 I. DEFENDANT EXPERIENCED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE LOWER COURT, IN VIOLATION OF THE SIXTH AMENDMENT AND THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND THEREFORE, SHOULD BE GRANTED A NEW TRIAL.
 II. THE TRIAL JUDGE WAS PREJUDICED AND BIASED AGAINST THE DEFENDANT BECAUSE HE HAD A CRIMINAL RECORD, THEREBY DENYING DEFENDANT A FAIR TIRAL, CONTRARY TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.
 III. DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE PROSECUTION'S WITNESSES TESTIFIED IN CONFLICT TO EACH OTHER, AND THEREFORE THE CONVICTION SHOULD BE OVERTURNED.
 {¶ 7} In his first assignment of error, appellant contends his trial counsel was ineffective. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v.Washington (1984), 466 U.S. 668, 686, 104 S.Ct. 2052. In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that his trial counsel's *Page 4 
performance was so deficient that it was unreasonable under prevailing professional norms. Id. at 687. The defendant must then establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 8} According to Strickland:
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Id. at 687.
 {¶ 9} "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, quotingMichel v. Louisiana (1955), 350 U.S. 91, 101, *Page 5 76 S.Ct. 158. A verdict adverse to a criminal defendant is not of itself indicative that he received ineffective assistance of trial counsel.State v. Hester (1976), 45 Ohio St.2d 71, 75.
 {¶ 10} Appellant first contends his counsel was ineffective for failing to file a motion to suppress the evidence. According to appellant, the pat-down search was for weapons, and since the tissue found in appellant's back pocket could not hold a weapon, it should not have been searched. We find no merit to this argument. "Failing to file a motion to suppress does not constitute ineffective assistance of counsel per se." State v. Brown, 115 Ohio St.3d 55, 2007-Ohio-4837, at ¶ 65, citing State v. Madrigal (2000), 87 Ohio St.3d 378, 389, quotingKimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574. To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. Id., citing State v. Adams,103 Ohio St.3d 508, 2004-Ohio-5845, ¶ 35. "`Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.'" State v. Tibbetts (2001),92 Ohio St.3d 146, 166, certiorari denied (2002), 534 U.S. 1144, 122 S. Ct. 1100, quoting State v. Gibson (1980), 69 Ohio App.2d 91, 95.
 {¶ 11} Initially, we note there is no dispute that Deputy Randle had probable cause to pull appellant over for speeding and a headlight violation. It is further undisputed appellant was driving with a suspended license, which is an arrestable offense. R.C. 4510.11(B). Thus, there was probable cause for appellant's arrest. It is well-settled that an exception to the Fourth Amendment requirement is that a law enforcement officer may *Page 6 
conduct a search incident to a lawful arrest. State v. Dillon, Franklin App. No. 04AP-1211, 2005-Ohio-4124, at ¶ 31, citing Chimel v.California (1969), 395 U.S. 752, 762-763, 89 S.Ct. 2034; United Statesv. Robinson (1973), 414 U.S. 218, 235, 94 S.Ct. 467. "In conducting a search incident to a lawful arrest, the police may conduct a full search of the arrestee's person. That search is not limited to the discovery of weapons, but may include evidence of a crime as well." Dillon, citingState v. Jones (1996), 112 Ohio App.3d 206, citing Robinson andGustafson v. Florida (1973), 414 U.S. 260, 94 S.Ct. 488.
 {¶ 12} The record is unclear as to whether appellant was formally placed under arrest, but both deputies testified that because appellant was driving without a valid Ohio driver's license, he was asked to step out of his vehicle and was patted down for weapons prior to being placed in the cruiser. However, even assuming appellant was not placed under arrest, it is well-established that one exception to the general prohibition against a warrantless search is a Terry[1] pat-down search for weapons. Although Terry limits the scope of the search to weapons, the discovery of other contraband during a Terry search will not necessarily preclude its admissibility. State v. Scasny, Ross App. No. 04CA2768, 2004-Ohio-4918, citing Minnesota v. Dickerson (1993),508 U.S. 366, 113 S.Ct. 2130. In Dickerson, the United States Supreme Court adopted the "plain feel" doctrine as an extension of the "plain view" doctrine. The Supreme Court stated: "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is *Page 7 
contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context." Id. at 375-376.
 {¶ 13} Thus, under either scenario we are not able to say that a motion to suppress would have been successful if filed, and, therefore, we cannot say counsel was ineffective in not filing a motion to suppress the evidence.
 {¶ 14} Appellant next argues his counsel was ineffective for failing to subpoena "key" witnesses, namely appellant's cousin, Briggs. Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court. State v. Treesh (2001), 90 Ohio St.3d 460, 490, citing State v.Williams (1991), 74 Ohio App.3d 686, 695. Regardless, appellant speculates without any evidentiary support as to what Briggs's testimony would have been if called to testify. Instead, appellant asks this court to speculate to what Briggs would testify and how such testimony would have affected the finding of guilty. This type of vague speculation is insufficient to establish ineffective assistance of counsel. State v.Wiley, Franklin App. No. 03AP-340, 2004-Ohio-1008, at ¶ 30, citingState v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 15} In his next argument, appellant contends there were several continuances in this case prior to trial and that, if defense counsel was ready to proceed and the state was not, this matter would have been dismissed for violation of his right to a speedy trial. The continuances herein were requested by both parties and were agreed to by both parties. There is nothing to suggest that if his counsel refused to continue this matter that the outcome would have been different or that appellee would have been unable to *Page 8 
present the same evidence. Again, appellant asks this court to speculate to reach a finding in his favor.
 {¶ 16} Appellant next argues his counsel was ineffective for stipulating that the evidence was crack cocaine and in waiving a jury. It is well-established that decisions regarding what stipulations should be made primarily involve trial strategy and tactics. State v.Edwards (1997), 119 Ohio App.3d 106, citing United States v. Teague
(C.A.11, 1992), 953 F.2d 1531. It is undisputed the object in the tissue tested positive for cocaine during the field test, and that lab testing confirmed the object was 0.39 grams of crack cocaine. Though appellant states the "stipulations were unwarranted," appellant fails to specify any evidence that his counsel should have presented in lieu of the stipulation that would have undermined the chain of custody or the admissibility of the lab test results. See State v. Davis,116 Ohio St.3d 404, 2008-Ohio-2. Thus, counsel's use of stipulations was a legitimate tactical decision that does not constitute ineffective assistance of counsel.
 {¶ 17} With respect to the jury waiver, as reiterated by this court inState v. Aaron (Nov. 30, 2000), Franklin App. No. 00AP-268:
 [A] defendant cannot claim that he was denied effective assistance of counsel if:
 * * * the record clearly demonstrates that appellant knowingly and voluntarily waived his right to a trial by jury, he signed the form in open court, which was duly filed and an extensive colloquy was conducted with the court sufficient to demonstrate his understanding of his rights and the waiver of the right to a trial by jury.
Id., quoting State v. Gray (Mar. 28, 2000), Franklin App. No. 99AP-666. *Page 9 
 {¶ 18} In the present case, the trial court read into the record the entire content of the jury waiver form and confirmed that appellant signed it. Additionally, the trial court asked appellant if any threats or promises were made to induce appellant to waive his right to a jury trial, to which appellant responded "No, Your Honor." (Tr. at 7.) The jury waiver form states, in part:
 I, Douglas Rippy, Defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a judge of this court.
 {¶ 19} Further, this court has held "`[d]ecisions regarding a jury waiver can be readily explained in terms of trial strategy.'" State v.Peterson, Franklin App. No. 07AP-303, 2008-Ohio-2838, at ¶ 56, quotingState v. Stith (June 11, 1996), Franklin App. No. 95APA07-934. Discussions between counsel and appellant regarding the jury waiver are not part of the record before us. Yet, again, appellant asks this court to speculate without providing any evidence as to the content of these discussions and how they may or may not have impacted his decision-making process. Instead, appellant makes the blanket assertion that waiving jury was error, and as we have indicated, such does not constitute the basis for reversal on grounds of ineffective assistance of counsel. See Aaron, supra.
 {¶ 20} Lastly, appellant contends the cumulative effect of these alleged errors are sufficient to constitute an independent ground for relief, even if no individual ground for relief justifies reversal on its own. Given our disposition of appellant's claims regarding his trial counsel's actions and finding no error involved, appellant's argument regarding cumulative error clearly fails.
 {¶ 21} For the foregoing reasons, appellant's first assignment of error is overruled. *Page 10 
 {¶ 22} In his second assignment of error, appellant contends he was denied the right to a fair trial because the trial judge was prejudiced against him due to his criminal record. Appellant further contends criminal records should only be used at sentencing. We disagree.
 {¶ 23} Evid. R. 609(A)(3) provides, in relevant part:
 For the purpose of attacking the credibility of a witness:
 * * *
 (3) Notwithstanding Evid. R. 403(A), but subject to Evid. R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.
 {¶ 24} Appellant acknowledged on direct examination a 1998 federal conviction for bank fraud and a 2003 state conviction for a "forgery-related" charge. (Tr. at 42.) Such convictions constitute crimes of dishonesty and, thus, evidence concerning such convictions is admissible under Evid. R. 609(A)(3). Further, the trial court explained that while providing an inaccurate social security number and knowingly driving without a valid driver's license went to appellant's credibility, so did "his criminal past involving fraud, bank fraud." (Tr. at 72.) To determine credibility is the way the evidence is to be used pursuant to Evid. R. 609 and, according to the record, this was precisely the way in which the trial court used such evidence. Accordingly, we overrule appellant's second assignment of error.
 {¶ 25} In his final assignment of error, appellant contends his conviction was against the manifest weight of the evidence. "The weight of the evidence concerns the *Page 11 
inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v.Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16, citation omitted. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 26} A defendant is not entitled to a reversal on manifest-weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v.Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v.Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v.Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973, 2002-Ohio-1257;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C000553. Consequently, although an appellate court must act as a *Page 12 
"thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22;State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 27} The basis for appellant's manifest-weight challenge appears to be conflicting testimony and the lack of testimony from the deputies regarding how the crack cocaine got into the tissue in appellant's pant's pocket.
 {¶ 28} Appellant was convicted of one count of drug possession in violation of R.C. 2925.11(A), which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." It is undisputed that the deputies removed a tissue containing a rock of crack cocaine from appellant's pant's back pocket. Thus, possession was not a disputed issue, and the state was not required to establish how the crack cocaine got there. The main issue for the trier of fact was whether or not appellant "knowingly" possessed crack cocaine.
 {¶ 29} Both deputies testified that when the tissue was removed from appellant's pocket, appellant stated it was crack that he was holding for someone. Deputy Randle also testified appellant told them a crack pipe was in the car. Appellant's version of events differed, in that appellant denied telling the deputies the object was crack and that a crack pipe was in the car. Appellant further denied having any knowledge that the tissue contained crack cocaine, and appellant maintained the tissue was left in the car by a friend of Briggs.
 {¶ 30} Though presented with conflicting testimony, we reiterate that a conviction is not against the manifest weight of the evidence simply because the jury believed the *Page 13 
prosecution testimony. Moore, supra. The weight to be given to the evidence, and the credibility of the witnesses, are issues primarily for the trier of fact. DeHass, supra. Further, the trier of fact is free to believe all, or any, of the testimony. Jackson, supra. Thus, the fact that the trial court did not find appellant's testimony to be credible is not a basis for reversal on manifest-weight grounds.
 {¶ 31} After carefully reviewing the trial court's record in its entirety, we conclude there is nothing to indicate the trier of fact clearly lost its way or that any miscarriage of justice resulted. Consequently, we cannot say appellant's conviction is against the manifest weight of the evidence. Accordingly, we overrule appellant's third assignment of error.
 {¶ 32} For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN and SADLER, JJ., concur.
[1] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. *Page 1