[Cite as *State v. Gwinn*, 196 Ohio App.3d 296, 2011-Ohio-5457.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| The State of Ohio, | : | |
| Appellee, | : | |
| v. | : | Case No.  10CA13 |
| Gwinn, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Appellant. | : | **RELEASED:  09/30/2011** |

<u>APPEARANCES</u>:

David A. Yost, Special Prosecuting Attorney, and Kyle E. Rohrer, Assistant Prosecuting Attorney, for appellee.

William R. Biddlestone, and  Dennis W. McNamara; and McTigue and McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for appellant.

KLATT, Judge.

{¶ 1} Defendant-appellant, Susan Gwinn, appeals from a judgment of conviction and sentence entered by the Athens County Court of Common Pleas.  Because the trial court had subject-matter jurisdiction to enter judgment and because the judgment is not against the manifest weight of the evidence, we affirm.

**Factual Background**

{¶ 2} Gwinn ran for Athens County Prosecuting Attorney in the March 2008 Democratic primary against C. David Warren, the incumbent county prosecutor.  On February 8, 2008, Gwinn received a wire transfer into her personal checking account at

the Hocking Valley Bank in the amount of $7,500 from Gregory Kenley, a personal friend. The balance in Gwinn's personal checking account prior to the February 8 wire transfer was $975.94. That same day, Gwinn wrote a check from her personal checking account in the amount of $5,000 made payable to her campaign committee.

{¶ 3} Also, on February 8 and February 13, 2008, Gwinn's brother, Daniel Gwinn, purchased 24 separate money orders from four different vendors, all payable to Gwinn. These money orders totaled $20,000. Gwinn endorsed all the money orders and the funds were deposited into her personal checking account between February 11 and February 21, 2008.

{¶ 4} Between February 14 and 27, 2008, Gwinn wrote six additional checks drawn on her personal checking account payable to her campaign committee. These checks totaled $20,000. Bank records reflect that there were no deposits into Gwinn's personal account (other than the money orders she received from her brother) between February 8 and 25, 2008, to cover the checks she wrote to her campaign committee.

{¶ 5} The primary election took place on March 4, 2008. Warren won the primary election. Gwinn repaid Kenley $7,500 on March 7, 2008.

{¶ 6} Gwinn's campaign committee filed a pre-primary campaign-finance report with the Athens County Board of Elections on February 21, 2008. The report listed no outstanding loans to the campaign committee. Nor did the report list Kenley or Daniel Gwinn as contributors. On April 10, 2008, Gwinn's campaign committee filed a post-primary campaign-finance report with the Athens County Board of Elections. The report represented that Gwinn personally made a $27,000 loan to her campaign committee. Again, neither Kenley nor Daniel Gwinn were listed as contributors.

**Procedural History**

{¶ 7} In the late summer of 2008, David Yost, the Delaware County Prosecutor, was appointed special prosecutor for Athens County. Yost conducted an investigation of the money transfers described above and the campaign-finance reports filed by Gwinn's campaign committee. Following the investigation, Yost filed a verified complaint with the Ohio Elections Commission ("OEC") alleging that Gwinn had violated Ohio election laws by knowingly concealing and/or misrepresenting contributions to her campaign committee in her pre-primary and post-primary campaign-finance reports. The allegations in the verified complaint focused on Gwinn's failure to list Kenley and David Gwinn as donors to her campaign committee and her representation that she personally loaned her campaign committee $27,000.

{¶ 8} Gwinn contended that Kenley and David Gwinn loaned money to her and that she, in turn, loaned money to her campaign committee. Because her post-primary campaign-finance report listed her personal loan to her campaign committee, Gwinn argued that the reports did not conceal or misrepresent any financial information. She also alleged that she repaid Kenley in full shortly after the primary election and that she partially repaid her brother soon after Yost began his investigation.

{¶ 9} Following a hearing, the OEC found that Gwinn violated R.C. 3517.13(G)(1) and referred the matter to the Athens County prosecutor for prosecution. Gwinn appealed the OEC's decision to the Franklin County Court of Common Pleas pursuant to R.C. Chapter 119. Gwinn also requested that the Franklin County trial court suspend the OEC's decision pending resolution of the appeal. The Franklin County trial court denied Gwinn's request. On August 17, 2009, the Franklin County trial court dismissed Gwinn's

R.C. Chapter 119 appeal for lack of a final, appealable order. Gwinn appealed that decision to the Tenth District Court of Appeals.

{¶ 10} Shortly thereafter, Gwinn filed a motion for injunction pending appeal with the Tenth District Court of Appeals. Gwinn sought an order enjoining Yost from impaneling a grand jury or taking any other action to prosecute her pursuant to the OEC's referral during the pendency of the R.C. Chapter 119 appeal. The Tenth District Court of Appeals denied that motion in a journal entry dated September 2, 2009.

{¶ 11} Yost pursued Gwinn's prosecution in Athens County. A grand jury indicted Gwinn on two counts of theft in office, two counts of unauthorized use of property, two counts of falsification, one count of money laundering, and two counts of bribery. The case was tried to the court. The court found Gwinn guilty of the falsification counts but acquitted her of the remaining counts.[1]

{¶ 12} Thereafter, the Tenth District Court of Appeals reversed the Franklin County trial court's dismissal of Gwinn's R.C. Chapter 119 appeal because the OEC failed to timely file the record of the administrative hearing. In addition, the Tenth District Court of Appeals instructed the Franklin County trial court to order the OEC to determine whether to enter a decision in favor of Gwinn in the administrative action due to this procedural deficiency.

{¶ 13} On January 25, 2010, Gwinn filed a motion for arrest of judgment and a motion for acquittal in the Athens County trial court. The Athens County trial court denied both motions on March 1, 2010, and Gwinn appealed to this court. Gwinn filed a renewed motion for arrest of judgment and/or motion for new trial shortly after the Tenth District

---

[1] The state voluntarily dismissed one of the unauthorized-use-of-property counts prior to trial. Following the trial, the court dismissed the two bribery counts pursuant to Gwinn's motion to dismiss.

Court of Appeals reversed the Franklin County trial court's decision in the R.C. Chapter 119 appeal. The Athens County trial court denied that motion due to the pending appeal in this court.[2]

{¶ 14} Gwinn appeals assigning the following errors:

1. The Trial Court Did Not have Subject Matter Jurisdiction regarding counts 5 and 6 of the Indictment in the case of State of Ohio v. Susan Gwinn, Case No. 09CR0335 filed in the Athens County Common Pleas Court.

2. The Judgment of the trial court is against the manifest weight of the evidence.

### First Assignment of Error

{¶ 15} In her first assignment of error, Gwinn contends that the Athens County trial court lacked subject-matter jurisdiction to adjudicate the two falsification counts against her. We disagree.

{¶ 16} " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits.' " *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8, quoting *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. Subject-matter jurisdiction is a question of law that we review de novo. *Eicher v. Eicher*, 4th Dist. No. 09CA34, 2010-Ohio-3784, ¶ 10.

{¶ 17} Essentially, Gwinn makes three arguments in support of her first assignment of error. We find all three arguments unpersuasive.

{¶ 18} Gwinn first argues that the Athens County trial court lacked subject-matter jurisdiction to adjudicate the counts premised on the alleged election-law violations

---

[2] On April 23, 2010, Gwinn requested that we remand this case to the trial court so that it could address the merits of Gwinn's renewed motion for arrest of judgment and/or motion for new trial. A magistrate of this court denied that motion.

because exclusive jurisdiction rested with the OEC. Gwinn is correct that the OEC has exclusive initial jurisdiction over the alleged election-law violations. R.C. 3517.151(A); *Blackwell* at ¶ 16. However, after the OEC has exercised its jurisdiction, criminal prosecution may proceed.

{¶ 19} R.C. 3517.153(C) provides:

> No prosecution shall commence for a violation of a provision in sections 3517.08 to 3517.13, 3517.17, 3517.18, 3517.20 to 3517.22, 3599.03, or 3599.031 of the Revised Code unless a complaint has been filed with the commission under this section and all proceedings of the commission or a panel of the commission, as appropriate, * * * are completed.

{¶ 20} Yost filed a complaint with the OEC against Susan Gwinn and her campaign committee for the alleged election-law violations as required by R.C. 3517.15(A). The complaint alleged that Gwinn violated R.C. 3517.13(G)(1), one of the statutes listed in R.C. 3517.153(C). The OEC exercised its exclusive initial jurisdiction when it adjudicated the complaint and found a violation of the election laws. All proceedings before the OEC were completed. Pursuant to its statutory authority, the OEC then referred the matter to the Athens County prosecutor for prosecution. Upon receiving the referral, Yost went to the Athens County Grand Jury and obtained an indictment for falsification based upon the campaign-finance reports.

{¶ 21} Because the OEC made a final determination and referred the matter for prosecution, the Athens County trial court had subject-matter jurisdiction to decide the alleged violations. R.C. 3517.153(C); R.C. 2931.03 ("The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas"). Although Gwinn appealed the OEC's final determination pursuant to R.C. Chapter 119,

that determination was not stayed pending appeal. Nor did the Tenth District Court of Appeals enjoin Yost from proceeding with prosecution in Athens County pending the resolution of the R.C. Chapter 119 appeal. Therefore, based upon the OEC's referral, the Athens County trial court had subject-matter jurisdiction to adjudicate the two counts premised on the alleged false representations contained in Gwinn's campaign-finance reports.

{¶ 22} In her second argument, Gwinn contends that the Athens County trial court lacked "primary subject-matter jurisdiction" over the falsification counts because the matter was already being reviewed by the Tenth District Court of Appeals. Although Gwinn filed her R.C. Chapter 119 appeal to the Tenth District Court of Appeals before Yost filed the indictment in the Athens County trial court, she is mistaken in arguing that the jurisdictional-priority rule applies.

{¶ 23} The jurisdictional-priority rule provides that " '[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, quoting *State ex rel. Racing Guild of Ohio, Loc. 304, Serv. Emps. Internatl. Union, AFL-CIO, CLC v. Morgan* (1985), 17 Ohio St.3d 54, 56. The jurisdictional-priority rule does not apply here, because the Tenth District Court of Appeals and the Athens County trial court do not share concurrent jurisdiction. The Tenth District Court of Appeals' jurisdiction derived from R.C. Chapter 119 and was limited to the review of the Franklin County trial court's dismissal of Gwinn's R.C. Chapter 119 appeal. The Tenth District Court of Appeals had no jurisdiction to adjudicate the

falsification counts against Gwinn. The Athens County trial court had original jurisdiction over Gwinn's indictment for falsification. Therefore, Gwinn's attempt to invoke the jurisdictional-priority rule is fundamentally flawed.

{¶ 24} Lastly, Gwinn argues that the Athens County trial court lacked subject-matter jurisdiction to adjudicate the falsification counts premised on R.C. 2921.13(A)(7) because the OEC referred the matter for prosecution based upon a violation of R.C. 3517.13(G)(1). Again, we disagree.

{¶ 25} As previously noted, the OEC determined that Gwinn violated R.C. 3517.13(G)(1) and referred the matter to the Athens County prosecutor for prosecution. Based upon this referral, the Athens County trial court had subject-matter jurisdiction. R.C. 3517.153(C). The Athens County trial court is also a court of general jurisdiction. Article IV, Section 4(B) of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." R.C. 2931.03 also grants the courts of common pleas original jurisdiction over "all crimes and offenses," which would include alleged violations of R.C. Title 29. Therefore, regardless of whether Gwinn was indicted under R.C. 2921.13(A)(7) or 3517.13(G)(1), the Athens County trial court had subject-matter jurisdiction.

{¶ 26} In oral argument, counsel for Gwinn argued that the Athens County trial court erred by permitting the state to prosecute Gwinn pursuant to R.C. 2921.13(A)(7) rather than R.C. 3517.13(G)(1), because R.C. 3517.13(G)(1) is the more specific statute. However, Gwinn has no assignment of error that correlates to this argument. Appellate courts review assignments of error, not mere arguments. *Coffman v. Mansfield Corr.*

*Inst.*, 10th Dist. No. 09AP-447, 2009-Ohio-5859, ¶ 18.  Therefore, we decline to address this argument.

{¶ 27} For the foregoing reasons, we find that the Athens County trial court had subject-matter jurisdiction to adjudicate the falsification counts asserted under R.C. 2921.13(A)(7), and we overrule Gwinn's first assignment of error.

### Second Assignment of Error

{¶ 28} Gwinn contends in her second assignment of error that the judgment is against the manifest weight of the evidence.  Again, we disagree.

{¶ 29} " 'When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve.' "  *State v. Tyler*, 4th Dist. No. 10CA3183, 2011-Ohio-3937, ¶ 43, quoting *State v. Puckett*, 4th Dist. No. 10CA3153, 2010-Ohio-6597, ¶ 32. " 'If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence.' " Id., quoting *Puckett* at ¶ 33.  We will reverse a conviction only in the exceptional case where the evidence weighs heavily against the conviction and it appears that the fact-finder, when resolving conflicts in the evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  Id. at ¶ 43, quoting *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387.

{¶ 30} The Athens County trial court convicted Gwinn of two counts of falsification, a violation of R.C. 2921.13(A)(7). That provision provides:

> (A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
>
> * * *
>
> (7) The statement is in writing on or in connection with a report or return that is required or authorized by law.

As applied to this case, R.C. 2921.13(A)(7) required the state to prove three elements: (1) Gwinn knowingly (2) made a false statement (3) in connection with a report that was required by law.

{¶ 31} Here, the third element of the offense is not disputed. R.C. 3517.10(A) required Gwinn's campaign committee to file a pre-primary and post-primary campaign-finance report. However, Gwinn contends that her conviction is against the manifest weight of the evidence because (1) her campaign-finance reports did not contain a false statement and (2) even if her campaign-finance reports contained a false statement, she did not knowingly make that false statement. We disagree.

{¶ 32} Gwinn asserts that the funds she received from Kenley and her brother were personal loans, not loans or contributions to her campaign committee. Gwinn's assertions must be examined in the context of the definitions and requirements contained in R.C. Chapter 3517.

{¶ 33} R.C. 3517.10(B)(4)(b) requires a campaign-finance report to include the "full name and address" from each person "from whom contributions are received." A contribution includes a loan "received, or used for the purpose of influencing the results of an election." R.C. 3517.01(B)(5). The state presented substantial and essentially

undisputed evidence that Gwinn deposited the money she received from Kenley and her brother into her personal bank account and then wrote checks drawn on that account to her campaign committee. There was also substantial evidence (i.e., bank records) that Gwinn did not have sufficient funds in her personal account prior to those deposits to cover the checks she wrote to her campaign committee between February 8 and 25, 2008. Nor were there deposits from other sources to cover the checks she wrote to her campaign committee during that period of time. Because Gwinn used the funds she received from Kenley and her brother in her campaign, the funds were campaign contributions and the source of those funds had to be identified on her campaign-finance reports. R.C. 3517.01(B)(5) and 3517.10(B)(4)(b). Rather than identify Kenley and Daniel Gwinn as required by law, Gwinn reported these contributions solely as personal loans from herself to her campaign. Therefore, the record reflects that there was substantial evidence upon which the trier of fact could reasonably conclude beyond a reasonable doubt that Gwinn's campaign-finance reports contained a false statement.

{¶ 34} There is also substantial evidence that Gwinn acted "knowingly." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Gwinn admitted that she instructed her secretary, Ms. Coon, who was also her campaign treasurer, to report the funds in question as personal loans from Gwinn to her campaign. Therefore, Gwinn was aware that her instructions would cause Coon to report the loans in that manner. Gwinn's misunderstanding about what the law required is not a defense. *State v. Rosa* (1998), 128 Ohio App.3d 556, 563, citing *State v. Pinkney* (1988), 36 Ohio St.3d 190, 198.

{¶ 35} Because the record reflects substantial evidence upon which the trial court could conclude that the state proved the essential elements of R.C. 2921.13(A)(7) beyond a reasonable doubt, the judgment is not against the manifest weight of the evidence. Therefore, we overrule Gwinn's second assignment of error.

{¶ 36} Having overruled Gwinn's two assignments of error, we affirm the judgment of the Athens County Court of Common Pleas.

Judgment affirmed.

BRYANT and SADLER, JJ., concur.

PEGGY L. BRYANT, WILLIAM A. KLATT, and LISA L. SADLER, JJ., of the Tenth Appellate District, sitting by assignment.