[Cite as *State v. Harlow*, 2014-Ohio-864.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA29 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JESSICA R. HARLOW, | : | |
| | : | RELEASED: 2/26/14 |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Mary Elaine Hall, Cleveland, Ohio, for appellant.

Paul G. Betram III, Marietta City Law Director, and Catherine Ingram Reynolds, Marietta City Assistant Law Director, Marietta, Ohio, for appellee.
_____

Harsha, J.

{¶1} After being convicted of operating a vehicle under the influence upon her plea of no contest, Jessica Harlow appeals the denial of her motion to suppress. We construe both her first two assignments of error as challenging the trial court's factual basis for finding that the stop of her vehicle satisfies constitutional standards. Characterizing her first and second assignments of error respectively as challenges to the sufficiency and weight of the evidence, she argues the state failed to present evidence to support a finding that the trooper had either probable cause or a reasonable articulable suspicion for stopping her car. Specifically, she contends the court should not have admitted and relied upon a DVD, which captured her erratic driving. However, because defense counsel stipulated to its admission, Harlow has forfeited any argument on appeal that the DVD depicting her driving was inadmissible. And to the extent that she argues that the trooper unlawfully followed her car before stopping her, she cites no

law to support this assertion and we are unaware of any basis for such a proposition. In fact, the trooper's act of following her car on public roadway does not implicate any Fourth Amendment protection. So we overrule her first two assignments of error.

{¶2} In her third assignment of error Harlow asserts that her trial counsel was ineffective for stipulating to the DVD's admission at the suppression hearing and failing to brief the issue. However, Harlow has failed to overcome the presumption that counsel's stipulation was a sound trial strategy, as the record shows that the defense believed the DVD contradicted the trooper's testimony. Thus, we cannot say that counsel's performance was deficient.

{¶3} Finally, in her fourth assignment of error Harlow argues that the trial court abused its discretion by denying her limited driving privileges. However, the record shows that Harlow's license was suspended prior to her conviction due to an administrative license suspension (ALS). Then after her conviction her ALS was terminated and a judicial suspension took its place as part of her sentence. Because Harlow only petitioned the court for limited driving privileges before her conviction under the ALS, her argument concerning her suspension under the conviction is not properly before us.

## I. FACTS

{¶4} In the early morning hours, Trooper Stephen Rogers of the Ohio State Highway Patrol observed Harlow's vehicle turn onto State Route 83, in Washington County. After Trooper Rogers pulled behind the vehicle and began to follow it, he observed the vehicle cross over the white edge line on the road several times. At one point, the vehicle actually drifted off the road and came in contact with the gravel. When

Trooper Rogers initiated a traffic stop, he noticed that Harlow's eyes were red and glassy, and there was an odor of alcohol coming from inside the automobile. Harlow denied drinking but following a series of field sobriety tests, the trooper arrested Harlow and charged her with OVI and failure to drive in marked lanes. Thereafter, Harlow admitted to having three drinks, but refused to take a breath test.

{¶5} After pleading not guilty Harlow filed a motion to suppress evidence claiming that Trooper Rogers lacked probable cause to stop her vehicle. Trooper Rogers testified at a hearing on the motion and the parties also stipulated to the admission of a DVD recording of the traffic stop from the trooper's dashboard camera. The trial court found the trooper had reasonable suspicion to stop Harlow's vehicle and denied the motion.

{¶6} After Harlow entered a plea of no contest to the OVI charge, the trial court found her guilty. The court imposed a sentence of a one year license suspension, in addition to suspended jail time, fines and costs. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶7} Harlow raises four assignments of error for our review:

1. THE TRIAL COURT'S LEGAL CONCLUSIONS THAT THE OHIO STATE PATROLMAN HAD EITHER PROBABLE CAUSE OR REASONABLE SUSPICION OR OBSERVED THE COMMISSION OF A MINOR TRAFFIC VIOLATION ARE NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE (1) PATROLMAN DID NOT OBSERVE THE DEFENDANT-APPELLANT COMMIT ANY OFFENSE UNTIL AFTER HE DECIDED TO TURN ONTO STATE ROUTE 83 AND FOLLOW HER IN HOPE OF DISCOVERING A FUTURE CRIME; (2) THE ASSISTANT LAW DIRECTOR DID NOT PRESENT ANY EXPERT TESTIMONY TO SUBSTANTIATE THE ACCURACY OF THE DVD – OTHER THAN HER OWN CONCLUSIONS THAT THE DEFENDANT-APPELLANT VIOLTATED MARKED LANES, LEFT OF CENTER & EDGE LINE VIOLATIONS.

2.) THE TRIAL COURT'S LEGAL CONCLUSIONS THAT THE OHIO STATE PATROLMAN HAD EITHER PROBABLE CAUSE OR REASONABLE SUSPICION OR OBSERVED THE COMMISSION OF A MINOR TRAFFIC VIOLATION ARE NOT SUPPROTED BY THE MANIFEST WEIGHT OF THE EVIDENCE (1) PATROLMAN DID NOT OBSERVE THE DEFENDANT-APPELLANT COMMIT ANY OFFENSE UNTIL AFTER HE DECIDED TO TURN ONTO STATE ROUTE 83 AND FOLLOW HER IN HOPE OF DISCOVERING A FUTURE CRIME; (2) THE ASSISTANT LAW DIRECTOR DID NOT PRESENT ANY EXPERT TESTIMONY TO SUBSTANTIATE THE ACCURACY OF THE DVD – OTHER THAN HER OWN CONCLUSIONS THAT THE DEFENDANT-APPELLANT VIOLTATED MARKED LANES, LEFT OF CENTER & EDGE LINE VIOLATIONS.

3.) THE DEFENDANT-APPELLANT'S PUBLIC DEFENDER IN THE TRIAL COURT BELOW RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN SHE (1) FAILED TO BRIEF THE ISSUE OF ADMISSIBILITY OF THE DVD WHEN GIVEN THE OPPORTUNITY BY THE COURT AND (2) STIPULATED TO THE ADMISSIBILITY OF THE DVD WITHOUT PLACING SPECIFIC EVIDENTIARY OBJECTIONS ON THE RECORD.

4.) THE TRIAL COURT BELOW ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT THE DEFENDANT-APPELLANT'S PETITION FOR [LIMITED] DRIVING PRIVILEGES PURSUANT TO R.C. 4510.021.

### III. LAW AND ANALYSIS

#### A. Harlow's Motion to Suppress

**{¶8}** On their face, Harlow's first two assignments of error challenge the trial court's denial of her motion to suppress evidence. Appellate review of a motion to suppress involves a mixed question of law and fact. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100. When considering a motion to suppress, the trial court assumes the role of trier of fact and therefore is in the best position to resolve factual questions and evaluate witness credibility. *Id.* As a result, appellate courts "'must accept the trial court's findings of fact if they are supported by competent, credible evidence.'" *Id.*, quoting *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583

(1982). Accepting these facts as true, the appellate court must then independently decide whether the facts of the case satisfy the applicable legal standard. *Roberts* at ¶ 100.

{¶9} Harlow's first two assignments of error are confusing and difficult to construe because each assigned error is inconsistent with its respective argument and the relief requested. In her argument under her first assignment of error, Harlow argues "even though the public defender stipulated to the admission of the DVD, its admission alone, without laying a proper foundation and without authentication under Evid.R. 901, *et seq.* and Evid.R. 1001, *et seq.* the DVD is still insufficient under the totality of the circumstances, for the trier of fact (the trial judge) to conclude the DVD was adequate to accept her 'no contest plea' to OVI based upon the traffic stop." She contends that we must find that "(1) a rational trier of fact could conclude that the DVD did not contain all the essential elements of offense beyond a reasonable doubt; and (2) the state's evidence, even if believed, does not support the 'no contest plea' to the OVI." In the argument under her second assignment of error she also requests that her conviction be reversed under a manifest weight of the evidence standard because the "court below clearly lost its way " as indicated by the fact "it had to review the DVD five or six times."

{¶10} This approach is confusing at best. Harlow's first two assignments of error challenge the trial court's denial of her motion to suppress, not her conviction. Appellate courts review assignments of error-we sustain or overrule only assignments of error and not mere arguments. *See State v. Gwinn*, 196 Ohio App.3d 296, 2011-Ohio-5457, 963 N.E.2d 212, ¶ 26 (4th Dist.); *Dunina v. Stemple*, 2nd Dist. Miami No. 2007 CA 9, 2007-Ohio-4719, ¶ 4. Accordingly, we will not address the arguments that challenge Harlow's

conviction because she did not assign them as error.  *See Coffman v. Mansfield Corr. Inst.*, 10th Dist. Franklin No. 09AP-447, 2009-Ohio-5859, ¶ 18.

**{¶11}**  At the hearing on the motion, the state was not required to prove all the essential elements of the charged offense beyond a reasonable doubt.  Rather, the trial court had only to decide whether the stop of her vehicle was lawful as challenged in her motion.  Her argument challenging the admission of the DVD at the suppression hearing is misplaced because Harlow's trial counsel stipulated to the DVD's admissibility, i.e. that it accurately represented what the trooper saw on the night in question.  By stipulating to its admissibility and content, Harlow has forfeited any argument on appeal that the DVD was inadmissible.  *See State v. Keck*, 127 Ohio St.3d 550, 2013-Ohio-5160, 1 N.E.2d 403, ¶ 17 (holding that defense counsel's stipulation to the admissibility and content of a scientific report waived any argument that the report was inadmissible and violated defendant's Sixth Amendment right to confrontation);  *Hileman v. Kramer*, 2nd Dist. Montgomery No. 15066,  1995 WL 765959, *8 (Dec. 29, 1995) (holding a defendant "may not stipulate to the admissibility of certain records at trial and then argue on appeal that those same records were admitted erroneously").  Her argument also lacks merit because "the Rules of Evidence do not apply to suppression hearings." *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155, ¶ 17.

**{¶12}**  Harlow further claims that the trooper "unlawfully" followed her car "in the hope of discovering a future crime," but cites no law to support this vague assertion.  In fact, the law is clear that mere surveillance in public places does not implicate the protection of the Fourth Amendment's prohibition against unreasonable searches and seizures.  *See* Katz, *Ohio Arrest Search and Seizure*, Sections 14:4-14:5 (2013).

{¶13}   The only other contention Harlow advances related to the suppression hearing is that "the trial court below clearly lost its way because it had to review the DVD five or six times; the trial court was confused about what it saw."  This argument is unsupported by legal authority and amounts to mere supposition.  The fact that the court reviewed the DVD multiple times would just as easily support a conclusion the court took the time to get it right.

{¶14}   Thus the trial court was justified in relying upon the DVD and the trooper's testimony to conclude the trooper had a reasonable articulable suspicion (and probable cause) to believe Harlow had failed to drive within the marked lanes.  *See State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 16, 24.  As a result, the stop satisfied the Fourth Amendment.  We overrule Harlow's first and second assignments of error.

### B. Ineffective Assistance of Counsel

{¶15}   In her third assignment of error, Harlow argues that her trial counsel was ineffective by stipulating to the DVD's admission and failing to brief the issue.

{¶16}   To prevail on an ineffective assistance of counsel claim, the appellant must show 1.) counsel's performance was deficient and 2.) the deficient performance prejudiced the defense so as to deprive the accused of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish deficient performance, an appellant must show that counsel's performance fell below an objective level of reasonable representation.  *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.  To establish prejudice, an appellant must show

a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. *Id.* "A defendant's failure to establish one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

{¶17} In reviewing the claim of ineffective assistance, we are admonished to indulge a "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶18} Here, Harlow has failed to satisfy either prong of the *Strickland* test. She has not shown defense counsel's performance fell below an objective level of reasonable representation. To the contrary, the record supports the conclusion that counsel's stipulation was part of her strategy as she believed the DVD contradicted the trooper's testimony. At the suppression hearing, defense counsel argued that after watching the DVD:

> I don't see it. I don't see [Harlow] going over the fog line. I don't see her running off the road. I do see her kicking up gravel and it appears to happen right around that Waterford Tank Plant which there's dirt all over the road. I just don't see any violations. [Harlow] puts on her blinker. She pulls over appropriately. I don't believe there was any reasonable suspicion or probable cause for the stop.

Although Harlow contends "there was a reasonable probability that if her public defender had briefed the issue of admissibility of the DVD and specific evidentiary objections to it, the results of the Suppression Hearing would have had a different outcome for her," she fails to offer any reason why the DVD was inadmissible or specify any basis upon which counsel may have objected. Nevertheless, there is

nothing in the record to suggest that the DVD did not accurately reflect the events on the morning in question. Because it is well established that decisions regarding stipulations primarily involve trial strategy, we cannot say that counsel's stipulation resulted in a deficient performance. *See State v. Rippy,* 10th Dist. Franklin No. 08AP-248, 2008-Ohio-6680, ¶ 16.

{¶19} Harlow has also failed to show that she was prejudiced by the DVD's admission. Trooper Rogers testified at the suppression hearing about Harlow's driving on the night in question and the events recorded on the DVD. He testified that he observed her vehicle cross over the white edge line "several times" and on one occasion actually saw it come in contact with the gravel on the side of the road. Thus, even without the DVD Harlow cannot show that the result of the hearing would have been different. In fact, without the DVD the court would have had little potential for finding the trooper's testimony unworthy of belief.

{¶20} We also find it confusing that Harlow asserts in her reply brief that her public defender rendered ineffective assistance of counsel because "[b]ut for her lawyer's failure to provide expert testimony to refute the results of the breathalyzer test, regarding the weight to be given this evidence, she would have been found innocent." Even if we overlook the fact that an appellant may not use a reply brief to raise new assignments of error or issues, *Blair v. Cincinnati Ins. Co.,* 163 Ohio App.3d 81, 2005-Ohio-4323, 836 N.E.2d 607, ¶ 6 (4th Dist.), Harlow refused to submit to a breathalyzer test and this argument is inconsistent with the facts of the case. Therefore, we overrule Harlow's third assignment of error.

## C. Driving Privileges

**{¶21}** Finally in her fourth assignment of error Harlow contends that the trial court abused its discretion by denying her limited driving privileges. On the date of her arrest Trooper Rogers placed Harlow under an ALS as a result of her refusal to submit to a breathalyzer test. "An ALS is a civil proceeding separate from any criminal offense." *State v. McPhillamy*, 6th Dist. Erie No. E–11–071, 2012-Ohio-3612, ¶ 8. Because "the administrative license suspension is effective at the time of the arrest" it "operates independently of any penalties resulting from the criminal charge." *State v. Wisby*, 1st Dist. Hamilton Nos. C-020758, C-020759, 2003-Ohio-5834, ¶ 15. "Both an ALS and a criminal prosecution may result from driving under the influence of drugs or alcohol and refusing to take a chemical test." *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 25. "After a DUI conviction, however, the ALS terminates, and the license suspension becomes part of the DUI sentence." *Id.* This is also reflected in R.C. 4511.191(B)(2), which states:

> The registrar shall terminate a suspension of the driver's or commercial driver's license or permit of a resident * * * imposed pursuant to division (B)(1) of this section upon receipt of notice * * * that the person has been convicted after entering a plea of no contest to, operating a vehicle in violation of section 4511.19 of the Revised Code * * * if the offense for which the conviction is had or the plea is entered arose from the same incident that led to the suspension or denial.

**{¶22}** Although in her "STATEMENT OF THE CASE," Harlow contends that she filed a petition for driving privileges after the court imposed sentence, the record actually shows that she only filed motions for driving privileges prior to pleading no contest. The trial court denied both petitions in separate entries captioned "PRETRIAL DRIVING RIGHTS." The trial court's judgment entry for Harlow's OVI conviction, from which she appeals, sentences her to "1year Suspension of all the Defendant's Ohio driving rights

and privileges: Any occupational driving privileges granted under the ALS are terminated."

**{¶23}** Thus, Harlow's ALS terminated when she was convicted of OVI, as did any privileges. And because Harlow did not petition the court for driving privileges after her conviction, her argument concerning her suspension for her conviction is not properly before the court. We reject her fourth assignment of error.

## IV. CONCLUSION

**{¶24}** In conclusion, we overrule Harlow's four assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
      William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**