[Cite as *State v. Lamb*, 2014-Ohio-2960.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| CLEDUS D. LAMB, | : | |
| Defendant-Appellant. | : | **RELEASED: 06/18/2014** |

<u>APPEARANCES</u>:

Cledus Lamb, Chillicothe, Ohio, pro se appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, and Ross Greer, Highland County Assistant Prosecuting Attorney, for appellee.

Harsha, J.

**{¶1}** When Cledus Lamb entered a guilty plea to felony charges of sexual battery and corruption of a minor, the court found him guilty and sentenced him to an aggregate six-year prison term. The trial court also classified him as a Tier III sex offender/child victim offender under Am.Sub.S.B. 10 ("S.B. 10"), Ohio's version of the Adam Walsh Act, even though the offenses were committed before S.B. 10 became effective.

**{¶2}** After the Supreme Court of Ohio held that S.B. 10 could not be retroactively applied to defendants who committed sex offenses before its enactment, Lamb filed a pro se motion requesting that the trial court vacate his registration and classification. The trial court granted Lamb's motion, vacated his classification, and reclassified him as a sexually oriented offender in accordance with the classification requirements in effect at the time he committed the offenses.

{¶3} Lamb attempts to argue that his guilty plea is "void" because he was not properly informed of his classification and registration requirements when he entered his plea. But he failed to raise this assertion as an assignment of error, so it is not properly before the court. Lamb asserts in his sole assignment of error that the trial court committed prejudicial error by failing to follow legislative mandates. Lamb's assignment of error is limited to alleged noncompliance with *legislative* requirements; it does not challenge compliance with Crim.R. 11, a rule of practice promulgated by the Supreme Court of Ohio or constitutional requirements concerning acceptance of a guilty plea. So we reject any argument that addresses compliance with Crim.R. 11 and related constitutional provisions. For Lamb's remaining arguments, which claim that the trial court erred in failing to merge his convictions and in imposing consecutive instead of concurrent sentences, res judicata barred him from raising them now. Therefore, we overrule Lamb's assignment of error and affirm the judgment of the trial court.

## I.  FACTS

{¶4} A Highland County grand jury returned an indictment charging Lamb with two counts of rape in violation of R.C. 2907.02(A)(2), one count of kidnapping in violation of R.C. 2905.01(A)(4), and one count of corruption of a minor in violation of R.C. 2907.04(A). The offenses related to conduct occurring in October 1996 and the spring of 1998. Lamb entered a plea of not guilty to the charges.

{¶5} Lamb, who was represented by counsel, withdrew his not-guilty plea and pleaded guilty to an amended charge of sexual battery in violation of R.C. 2907.03(A)(1) and the charge of corruption of a minor. In 2010, the trial court accepted Lamb's guilty plea, and sentenced him to consecutive sentences of five years in prison for sexual

battery and one year in prison for corruption of a minor. The trial court dismissed the remaining charges. The trial court classified Lamb as a Tier III Sex Offender/Child Victim Offender Registrant in accordance with S.B. 10, Ohio's version of the federal Adam Walsh Act.

**{¶6}** In July 2011, the Supreme Court of Ohio held that S.B. 10, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus.

**{¶7}** In December 2013, Lamb filed a pro se motion in the trial court to vacate his registration and classification. He cited *Williams* and argued that his "sentence and registration is a legal nullity based on the increased penalty as imposed" by the trial court and requested "de novo sentencing as prescribed by law." The trial court reappointed Lamb's trial counsel to represent him on his motion and held a hearing. At the hearing, the parties and the trial court agreed that the prior classification was incorrect and should be vacated and that Lamb should be reclassified as a sexually oriented offender under Ohio's version of the federal Megan's Law, which was effective at the time of Lamb's offenses. At the hearing, neither Lamb nor his appointed counsel argued that anything further was required. The trial court entered a judgment vacating Lamb's prior sex offender classification under the Ohio version of the Adam Walsh Act and reclassified him as a sexually oriented offender under the Ohio version of Megan's Law.

**{¶8}** This appeal ensued.

## II.  ASSIGNMENT OF ERROR

{¶9}    Lamb assigns the following error for our review:

I.  Whether the trial court committed prejudicial error in failing to follow legislative mandates

## III.  LAW AND ANALYSIS

{¶10}  In his sole assignment of error, Lamb asserts that the trial court erred in failing to follow legislative mandates.  Lamb argues his guilty plea and conviction are void because he was not properly informed of his classification and registration requirements.  He also contends the trial court erred by not merging his convictions and imposing concurrent sentences.  The state counters that res judicata bars Lamb's claims.

{¶11}  "If there is an error in the classification of a sex offender, only the portion of the defendant's sentence classifying him incorrectly under the sex offender classification system is void."  *State v. Bates*, 5th Dist. Guernsey No. 13 CA 9, 2013-Ohio-4768, ¶ 16.  "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus; *see also State v. Abernethy*, 4th Dist. Scioto No. 10CA3341, 2011-Ohio-1056, ¶ 14.  Thus, his guilty plea and conviction are not void and remain in full force and effect.

{¶12}  In his argument Lamb claims that res judicata does not prevent his claims on appeal because his guilty plea was not made knowingly, intelligently, and voluntarily. But this argument is made under an assignment of error that is restricted to Lamb's

claim that the trial court failed to follow *legislative* mandates.  By contrast, a trial court's error in accepting a guilty plea that is not made knowingly, intelligently, and voluntarily raises issues of noncompliance with constitutional requirements and Crim.R. 11, which are not legislative requirements.  *See State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) (" 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions' ");  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest").

{¶13}  "Appellate courts review assignments of error—we sustain or overrule assignments of error and not mere arguments."  *See State v. Harlow*, 4th Dist. Washington No. 13CA29, 2014-Ohio-864, ¶ 10, and cases cited there; *see also Keltz v. Enchanted Hills Community Assn.*, 4th Dist. Highland No. 12CA11, 2014-Ohio-866, ¶ 21, quoting *State v. Gwinn*, 196 Ohio St.3d 296, 2011-Ohio-5457, 963 N.E.2d 212, ¶ 26 (4th Dist.)  (" 'Appellate courts review assignments of error, not mere arguments' ").  Because Lamb did not specifically assign as error the trial court's alleged failure to comply with constitutional requirements and Crim.R. 11 in accepting his guilty plea, we need not address this improperly raised argument.  *Harlow*, *Keltz*, and *Gwinn*.

{¶14}  Moreover, Lamb did not raise this specific argument in his motion to vacate or in the hearing on the motion, so he forfeited it.  "Failure to object to an error waives [forfeits] all but plain error."  *State v. Marcum*, 4th Dist. Gallia No. 12CA6, 2013-

Ohio-5333, ¶ 30.  But he cannot establish plain error when the transcripts of the hearing on his change of plea and original sentencing hearing are not part of the record on appeal.  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *State v. Whitaker*, 4th Dist. Scioto No. 10CA3349, 2011-Ohio-6923, ¶ 10 (defendant could not establish his contention that he did not enter his guilty plea knowingly, intelligently, or voluntarily when he failed to provide copies of the transcripts of hearings on his change of plea and motion to withdraw his guilty plea for appellate review).

**{¶15}**  Furthermore, res judicata barred Lamb from raising this argument because he could have raised it on direct appeal by contending that the trial court could not have retroactively applied the Adam Walsh Act to him.  *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph three of the syllabus.  In essence, Lamb could have been that appellant in *Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

**{¶16}**  His remaining arguments concerning merger and consecutive sentences do challenge the trial court's compliance with legislative requirements.  However, res judicata additionally bars him from raising these arguments because he could have raised them in an appeal from his original sentence.  *Fischer*, at paragraph three of the syllabus.  Moreover, as with his argument challenging the propriety of the trial court's acceptance of his guilty plea, Lamb forfeited his claims by failing to raise his merger and

consecutive-sentencing arguments during the proceedings below. And in the absence of transcripts of his change-of-plea and original sentencing hearings, we find no plain error.

{¶17} Therefore, we overrule Lamb's assignment of error.

### IV. CONCLUSION

{¶18} Having overruled Lamb's sole assignment of error, we affirm the judgment of the trial court. The trial court acted properly in vacating Lamb's prior classification and in reclassifying him pursuant to the applicable provisions in accordance with the Supreme Court's holding in *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at the syllabus.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**