[Cite as *Arnett v. Chappo*, 2025-Ohio-4783.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JUANITA ARNETT

    Appellee

    v.

ALLISON CHAPPO

    Appellant

C.A. No.      25CA012211

APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    24CVI01255

DECISION AND JOURNAL ENTRY

Dated: October 20, 2025

HENSAL, Judge.

{¶1}    Allison Chappo appeals a judgment of the Oberlin Municipal Court that awarded $2,406.00 in damages to Juanita Arnett for removing one of Ms. Arnett's trees. For the following reasons, this Court affirms.

I.

{¶2}    Ms. Arnett testified that Ms. Chappo had a tree removed from the rear of her property and failed to compensate her for it. She filed a claim in small claims court, seeking the cost of restoring the area where the tree had been planted as well as the cost of a new tree. Following a trial to the bench, the municipal court found for Ms. Arnett. Ms. Chappo has appealed, assigning as error that the court incorrectly allowed the admission of certain evidence and incorrectly calculated Ms. Arnett's damages.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY APPLYING THE INCORRECT MEASURE OF DAMAGES AND ALLOWING THE ADMISSION OF REPLACEMENT/RESTORATION EVIDENCE.

{¶3} In her assignment of error, Ms. Chappo argues that the municipal court applied the wrong measure of damages and that it improperly considered some of the materials Ms. Arnett submitted. She has divided her argument into several sections, which this Court will address in order.

{¶4} Ms. Chappo's first argument is that the municipal court should have used diminution of value instead of replacement cost as the measure of damages. "In a trespass to real property case, the general measure of damages for injury caused by the unauthorized removal of trees is the diminution of value of the property that results from their removal." *Dotson v. Village Res. Dev. Co.*, 1999 WL 494068, *3 (9th Dist. July 14, 1999). The rule is not absolute, however, and it is "applied with some flexibility when it is demonstrated that, under the facts of the particular case, the general measure of damages is inadequate to fully compensate the injured party for the wrongful acts of another." *Id.* This Court has also held that replacement cost may be awarded for "shade and ornamental trees . . . ." *Fowles v. City of Avon*, 1982 WL 5194, *1 (9th Dist. May 20, 1982).

{¶5} Ms. Chappo argues that the tree does not fall within an exception to the general rule because it was an ordinary maple tree that was of no significance to Ms. Arnett and not special in any way. The municipal court, however, found that the tree Ms. Chappo removed was "not part of a woodland mix indigenous to the land" and was used "primarily to block [Ms. Arnett's] view

of [a] cemetery." It, therefore, awarded her the amount required to restore the tree instead of measuring the diminution of value of her property.

{¶6} Although Ms. Chappo argues that her assignment of error raises a question of law, whether the tree that was removed qualifies as an exception to the general rule is a question of fact. *Dotson* at *3. We review the municipal court's finding to determine if it was against the manifest weight of the evidence. *Id.*

{¶7} Ms. Arnett testified that the tree was a silver maple, she characterized it as a shade tree, and she said that it helped to block her view of the cemetery that is behind her property. Besides noting that the maple trees are indigenous to the area, Ms. Chappo has not pointed to any evidence in the record that undermines the municipal court's finding. Upon review of the record, we conclude that the court's determination that the tree fell within an exception to the general rule for the measure of damages was not against the manifest weight of the evidence. The municipal court, therefore, did not err when it determined that replacement cost was the appropriate measure of Ms. Arnett's damages.

{¶8} Ms. Chappo next argues that the municipal court incorrectly awarded any damages to Ms. Arnett because Ms. Arnett did not present any evidence that the loss of her tree caused a diminution in the value of her property. Ms. Chappo also points out that Ms. Arnett testified that she only saw a landscaper on her property and failed to present any evidence that Ms. Chappo was the one who caused the damage. We note, however, that Ms. Chappo failed to separately assign these issues as error or show how they relate to her assignment of error. *State v. Duffy*, 2020-Ohio-3137, ¶ 23, citing App.R. 16(A)(7); *State v. Harlow*, 2014-Ohio-864, ¶ 10 (4th Dist.). We, therefore, decline to address them.

{¶9}   Ms. Chappo's final argument, which is part of her assignment of error, is that the municipal court improperly considered hearsay as evidence.  She notes that Ms. Arnett testified that she did not know the value of the tree that was removed but had attempted to use online resources to determine its value.  According to Ms. Chappo, the municipal court accepted Ms. Arnett's alleged evidence of value and used it to determine Ms. Arnett's damages.  On the contrary, the trial court did not award Ms. Arnett any damages for the value of the tree.  The damages it awarded were to compensate Ms. Arnett for the expense she incurred to hire someone to grind the stump of the removed tree, to compensate her for the amount she would have to pay someone to level the area and restore the grass around the removed tree, and to compensate her for the amount it would cost for her to buy a young tree to replace the one that was removed.  Accordingly, even if Ms. Arnett's testimony about the websites she visited was improper, Ms. Chappo has not demonstrated that she suffered prejudice.  Civ.R. 61.

{¶10}   Upon review of the record, we conclude that Ms. Chappo has failed to establish that the municipal court applied an incorrect measure of damages or that its damages award was affected by the admission of any improper evidence.  Ms. Chappo's assignment of error is overruled.

### III.

{¶11}  Ms. Chappo's assignment of error is overruled.  The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MARK F. CRAIG, Attorney at Law, for Appellant.

JUANITA ARNETT, pro se, Appellee.